U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 APR 18  PM 3: 43

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,    )
                             )
    Plaintiff,               )
                             )
    v.                       )    Case No. 2:19-cr-78-2
                             )
MORAIMA ESCARLET VASQUEZ FLORES,    )
Aka "Johana Martinez,"       )
                             )
    Defendant.               )

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS
COUNT SEVEN AND FOR A BILL OF PARTICULARS AND DENYING
DEFENDANT'S MOTION TO DISMISS COUNTS FIVE, SIX, AND SEVEN**

(Docs. 245, 246)

Defendant Moraima Escarlet Vasquez Flores is charged in a seven-count Third

Superseding Indictment (the "Indictment") with conspiring to commit kidnapping and

murder pursuant to 18 U.S.C. §§ 956(a)(1), 956(a)(2)(A) (Count IV); conspiring to entice

any minor to engage in production of child pornography in violation of 18 U.S.C. §§

2251(a) and 2251(e) (Count V); enticing any minor to engage in production of child

pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count VI); and knowing

receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2

(Count VII).

Pending before the court are Defendant's motions to dismiss. Defendant seeks

dismissal of Count Seven because it allegedly fails to state an offense and is

"duplicitous." Alternatively, she argues that it is unduly vague and requests a bill of

particulars. *See* Doc. 245. Defendant seeks dismissal of Counts Five, Six, and Seven of

the Indictment because the videos in question allegedly do not depict "sexually explicit

conduct" and therefore do not constitute child pornography. She further contends that

prosecution of her conduct violates the First Amendment. Finally, she contends that 18

U.S.C. §§ 2251(a), 2252(a)(2), and 2256 are void for vagueness under the Fifth Amendment as applied to her case. *See* Doc. 246. The government opposes the motions. (Docs. 250, 251.) The court took the pending motions under advisement on March 21, 2023.

The government is represented by Assistant United States Attorneys Barbara A. Masterson, Eduardo A. Palomo, and Patrick Jasperse. Defendant is represented by Assistant Federal Public Defenders Steven L. Barth and Sara M. Puls.

## I.    Factual and Procedural Background.

The following charges set forth in the Indictment are relevant to the pending motions to dismiss:

### COUNT FIVE

In or about and between September 2018 and October 2018, both dates being approximate and inclusive, in the District of Vermont and elsewhere, defendants SEAN FIORE, aka "Marcus," and MORAIMA ESCARLET VASQUEZ FLORES, aka "Johana Martinez," conspired to employ, use, persuade, induce, entice, and coerce any minor, namely John Doe # 1, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, namely, the digital video file titled "20181002_204921," knowing and having reason to know that such visual depiction would be transported in and affecting interstate and foreign commerce, and the visual depiction was transported in and affecting interstate and foreign commerce.

(18 U.S.C. §§ 2251(a), 2251(e))

(Doc. 109 at 7.)

### COUNT SIX

In or about and between September 2018 and October 2018, both dates being approximate and inclusive, in the District of Vermont and elsewhere, defendants SEAN FIORE, aka "Marcus," and MORAIMA ESCARLET VASQUEZ FLORES, aka "Johana Martinez," did employ, use, persuade, induce, entice, and coerce, and attempted to employ, use, persuade, induce, entice, and coerce, any minor, namely John Doe #1, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, namely, the digital video file titled "20181002_204921," knowing and having reason to know that such visual depiction would be transported in and affecting interstate and foreign commerce, and the visual depiction was transported in and affecting interstate and foreign commerce.

(18 U.S.C. §§ 2251(a), 2251(e))

(Doc. 109 at 8.)

### COUNT SEVEN

On or about October 13, 2018, in the District of Vermont and elsewhere, defendants SEAN FIORE, aka "Marcus," and MORAIMA ESCARLET VASQUEZ FLORES, aka "Johana Martinez," knowingly received and aided and abetted the knowing receipt, and attempted to receive and aid and abet the knowing receipt, of any visual depiction of a minor engaging in sexually explicit conduct, to wit: three video files named "VID-20181013-WA0034," "VID-20181013-WA0036," and "VID-20181013-WA0037," using any means or facility of interstate and foreign commerce, that has been shipped or transported in or affecting interstate or foreign commerce, by any means including by computer, where the producing of such visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct.

(18 U.S.C. §§ 2252(a)(2), 2252(b)(1), 2)

(Doc. 109 at 9.)

Defendant was arrested in Colombia and was extradited to the United States and arraigned on April 11, 2022. She has pleaded not guilty to all counts of the Indictment in which she is a named defendant.

The government's discovery allegedly reveals that co-defendant Sean Fiore paid Defendant to produce the video identified in Counts Five and Six of the Indictment. This video depicts a fully-clothed female adult which the government alleges is Defendant. The government contends Mr. Fiore told Defendant what the video should depict and expressed a sexual interest in the punishment and mistreatment of a child.

The government has produced text messages in which Mr. Fiore allegedly tells Defendant that he masturbated "imagining the beautiful horror that you inflicted" and in which he was "asking [Defendant] to be very cruel and brutal. Can you do that with a boy? They could die. An adult would survive he would simply be very beaten up." (Doc. 250 at 4.) Mr. Fiore allegedly provided the following instructions:

There are three main elements that I want you to do.

1.)     Grind on his face with your jeans. I want you to bruise and burn his skin.

3

2.)     Bounce and jump on his face with your ass. I want for his nose to break. Be careful, your pants might get red.

3.)     Pee and shit on his face and mouth, then cover his face with a plastic bag, sit on top of it, and suffocate him with the shit. I want him to faint under your behind.

You should restrain him with force. His arms and legs should be tied. His mouth must be muzzled. He should be incapable of moving much. The purpose is to be brutal. I want you to make him suffer, scream, panic, and ask for mercy. However, you will not show him compassion. He will fight for air but you won't allow it. Can you do all that?

(Doc. 250 at 5.)

The government has disclosed communications between Mr. Fiore and Defendant wherein Defendant allegedly offered to send a free video to Mr. Fiore, he accepted the offer, she told him that she had to divide the video into three parts, she sent him links, and he thanked her. Those three videos are identified in Count Seven.

In file "20181002_204921," the minor victim is shown bound at the ankles with his hands tied behind his back and with a gag in his mouth while Defendant puts her hand over his mouth and nose, pushes the gag in his mouth, sits on his face and bounces, and slaps and hits him while he whimpers and cries and starts to bleed before she pulls him onto the floor, puts a bag over his face, and urinates on him. After viewing the video, Mr. Fiore allegedly complained that he was "expecting a bit more torture" and would like Defendant to "make him suffer more[.]" *Id.* at 7. Defendant then sent Mr. Fiore the three free videos. In file "20181002_204921," Defendant appears to suffocate the victim with a plastic bag. "VID-20181013-WA0034," "VID-20181013-WA0036," and "VID-20181013-WA0037" contain a similar depiction of the abuse of another alleged minor victim without a gag. This child is also bound and his ankles and hands are tied behind his back.

## II.    Conclusions of Law and Analysis.

### A.    Whether to Dismiss Count Seven Because it Fails to State an Offense.

Defendant seeks dismissal of Count Seven because it "appears to charge four potential offenses and thus risks a non-unanimous jury verdict, deprives the defendant of

4

adequate notice of what is being charged, and impairs her ability to raise a double jeopardy objection to a later prosecution." (Doc. 245 at 2.) Defendant focuses on the phrase: "knowingly received and aided and abetted the knowing receipt, and attempted to receive and aid and abet the knowing receipt[,]" (Doc. 109 at 9), and asserts that while the first clause charges the knowing receipt of child pornography or the aiding and abetting of such receipt, the second clause is unclear. As a result, Defendant asserts that the charge fails to "descend to particulars[.]" *Id.* (quoting *Russell v. United States*, 369 U.S. 749, 765 (1962) ("It is an elementary principle of criminal pleading, that where the definition of an offence . . . 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; . . . it must descend to particulars.'")).

Count Seven charges Defendant with violating 18 U.S.C. § 2252(a)(2), which provides that any person who:

> knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if—
>
> (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>
> (B) such visual depiction is of such conduct[]
>
> . . . shall be punished as provided in subsection (b) of this section.

*Id.* Section 2252(b)(1) criminalizes attempted violations of § 2252(a)(2), and provides that "[w]hoever violates, *or attempts . . . to violate*, paragraph (1), (2), or (3) of subsection (a) shall be . . . imprisoned not less than 5 years and not more than 20 years[.]") (emphasis supplied). Section 2(a) states that "[w]however commits an offense against the United States or aids, abets, counsels, commands, induces or procures its

commission, is punishable as a principal." 18 U.S.C. § 2. The government asserts that these provisions "work together" and that Count Seven "tracks" the statutory language and "articulates different ways in which [Defendant] could have violated the statutes[.]" (Doc. 251 at 3.) The court agrees.

Fed. R. Crim. P. 7(c)(1) requires an indictment to contain "a plain, concise, and definite written statement[.] of the essential facts constituting the offense charged[.]" *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007). The indictment must also contain "the elements of the offense charged and fairly infor[m] a defendant of the charge against which he must defend," and must "enabl[e] him to plead an acquittal or conviction in bar of future prosecutions of the same offense." *Resendiz-Ponce*, 549 U.S. at 102 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)) (alterations in original). Detailed allegations "are not contemplated by Rule 7(c)(1)[,]" *id.*, and an indictment generally need only "track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. LaSpina*, 299 F.3d 165, 177 (2d Cir. 2002) (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)). "Where there are several ways to violate a criminal statute, . . . '[f]ederal pleading requires . . . that an indictment charge in the conjunctive to inform the accused fully of the charges.'" *United States v. McDonough*, 56 F.3d 381, 390 (2d Cir. 1995) (quoting *United States v. McGinnis*, 783 F.2d 755, 757 (8th Cir. 1986)) (internal citation omitted).

Section 2252(a)(2) prohibits the knowing receipt of child pornography, and § 2252(b)(1) criminalizes the attempt to knowingly receive child pornography. 18 U.S.C. § 2 prohibits aiding and abetting a substantive offense. *See United States v. Campbell*, 426 F.2d 547, 553 (2d Cir. 1970) ("There can be no violation of 18 U.S.C. § 2 alone; an indictment under that section must be accompanied by an indictment for a substantive offense."). Count Seven tracks these statutes by alleging the four means by which Defendant may have violated the law: (1) knowing receipt of child pornography; (2) knowingly attempting to receive child pornography; (3) aiding and abetting the knowing receipt of child pornography; and (4) aiding and abetting the knowing attempted receipt of child pornography. Count Seven also sets forth the time and place of the alleged crime

6

(October 13, 2018 in Vermont and elsewhere). It thus satisfies the requirements of Fed. R. Crim. P. 7(c)(1) and the constitutional requirements for an indictment. The court therefore DENIES Defendant's motion to dismiss Count Seven for failure to state an offense.

## B. Whether to Dismiss Count Seven Because it is Duplicitous.

Defendant requests dismissal of Count Seven because she cannot be both convicted and punished for an attempt and a substantive crime as the former is a lesser included offense of the latter. She contends that a conviction on Count Seven would violate the Double Jeopardy Clause.

"An indictment is duplicitous if it joins two or more distinct crimes in a single count[.]" *United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992) (citing *United States v. Murray*, 618 F.2d 892, 896 (2d Cir. 1980)). An indictment that alleges "the commission of a crime by several means" in the same count, however, is not duplicitous. *Id.* Moreover, "[d]uplicitous pleading . . . is not presumptively invalid[.]" *United States v. Olmeda*, 461 F.3d 271, 281 (2d Cir. 2006). Rather, it is impermissible only when it prejudices a defendant. *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001). Courts consider the underpinnings of the duplicity doctrine when assessing whether the defendant is prejudiced, which include:

> avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution.

*United States v. Margiotta*, 646 F.2d 729, 732-33 (2d Cir. 1981).

Because Count Seven charges the commission of a crime by four different means, Defendant may be convicted and punished for any one of those four means without offending the Double Jeopardy Clause. *See Aracri*, 968 F.2d at 1518 (distinguishing a "duplicitous indictment, which alleges several offenses in the same count," from "'the allegation in a single count of the commission of a crime by several means.' The latter is not duplicitous.") (quoting *Murray*, 618 F.2d at 896); *United States v. Swinton*, 797 F.

7

App'x 589, 598 (2d Cir. 2019) (explaining that because an indictment under 18 U.S.C. § 2 must be accompanied by a substantive offense, "[j]oining aiding and abetting to a substantive crime is . . . not duplicitous").[1] "Even if the court were to conclude that [Count Seven] [was] duplicitous, the risk inherent in duplicitous counts can be cured by a limiting instruction to the jury requiring unanimity on one or the other of the acts charged within a court that otherwise appear to be separate offenses." *Summit Refrigeration*, 2006 WL 3091115, at *5 (E.D. Wis. Oct. 26, 2006); *see also United States v. Bonner*, 2014 WL 5795601, at *9 (M.D. Pa. Nov. 6, 2014) (explaining that even if counts charging both carjacking and attempted carjacking were duplicitous, they were not impermissibly so, because "the court specifically charged the jury that it could find [the defendant] guilty of carjacking in Counts 9 and 13 on *either* an attempt theory or a substantive offense theory") (emphasis supplied).

As the Eighth Circuit explained in *United States v. Smith*, 910 F.3d 1047 (8th Cir. 2018), "there was no risk of unfair duplicity" where a defendant was charged with receipt and attempted receipt of child pornography in one count and possession and attempted possession in another, both in violation of § 2252, because "the jury instructions included a unanimity instruction, separate instructions for receipt and possession that told the jury it must unanimously agree that particular visual depictions were received and possessed, and a separate instruction accurately defining the elements of an unlawful attempt." *Id.* at 1053.

---

[1] *See also United States v. Liu*, 2000 WL 34226921, at *1 (D. N. Mar. I. Dec. 1, 2000) (denying motion to dismiss indictment charging attempt and substantive crime because "[w]here a statute enumerates several means of committing an offense, the indictment may contain several allegations in the conjunctive. . . . Where a count of an indictment charges a defendant both under the general statutory crime and also for attempt, it is not duplicitous because the defendant is on notice of the nature of the charges against him and he can only receive one sentence on the count."); *United States v. Black*, 469 F. Supp. 2d 513, 543 (N.D. Ill. 2006) ("Defendant's argument that charging both an attempt and a substantive offense in the same count renders Count 14 duplicitous also fails."); *United States v. Bernhard Jakits*, 2023 WL 2431717, at *6 (S.D. Ohio Mar. 9, 2023) (holding that counts which charged both an attempt and a completed crime "[did] not run afoul of the general rule against joining two distinct offenses into a single count because the attempt and the completed crime are not distinct. The attempt is merely a lesser-included offense.").

8

For the reason stated above, Count Seven is not duplicitous. There is also no prejudice that could not be cured by a limiting instruction, appropriately drafted jury instructions, and a verdict form requiring unanimity as to any conviction. The court thus DENIES Defendant's motion to dismiss Count Seven on the basis that it is duplicitous.

## C.    Whether to Grant Defendant's Request for a Bill of Particulars.

In the alternative to dismissal of Count Seven, Defendant seeks a bill of particulars pursuant to Fed. R. Crim. P. 7(f) because Count Seven is allegedly vague regarding "what the defendants did that amounted to attempted receipt of child pornography or the aiding and abetting of that offense or the substantive receipt offense." (Doc. 245 at 6.) The government counters that Count Seven provides the approximate date and location of the offense and identifies the specific video files that are the basis for the charge, which have been produced. The government also claims it has produced communications between Defendant and Mr. Fiore wherein Defendant offered to send Mr. Fiore a free video, he accepted, she informed Mr. Fiore that she divided the video into three parts, sent him the three links, and he thanked her for it, allegedly indicating his receipt. As Defendant is charged with knowingly aiding and abetting that receipt, and as Mr. Fiore has pleaded guilty and has been sentenced for conspiracy to produce child pornography and possession of child pornography, Defendant has notice of Mr. Fiore's alleged role in the offense, as well as her own.

A court may order a bill of particulars "to provide sufficient information about the nature of the charge to enable a defendant to prepare for trial, to avoid unfair surprise, and to preclude a second prosecution for the same offense." *United States v. Kogan*, 283 F. Supp. 3d 127, 132 (S.D.N.Y. 2017) (citing *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990)). A bill of particulars is typically warranted "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir. 1989).

Correspondingly, "[i]f the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case."

9

*United States v. Solomonyan*, 451 F. Supp. 2d 626, 641 (S.D.N.Y. 2006) (quoting *United States v. Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985) (internal quotation marks omitted)). "In determining whether to grant a bill of particulars, the court must consider whether the requested information is necessary to allow the defense to adequately prepare for trial—not whether such information would be merely helpful to the defense." *United States v. Hamilton*, 487 F. Supp. 3d 140, 148 (E.D.N.Y. 2020).

The decision to grant a bill of particulars "is generally . . . entrusted to the sound discretion of the district court." *United States v. Ramirez*, 609 F.3d 495, 502 (2d Cir. 2010) (citing *United States v. Barnes*, 158 F.3d 662, 665-66 (2d Cir. 1998)). In exercising this discretion, "the court must examine the totality of the information available to the defendant—through the indictment, affirmations, and general pre-trial discovery—and determine whether, in light of the charges that the defendant is required to answer, the filing of a bill of particulars is warranted." *United States v. Rogas*, 547 F. Supp. 3d 357, 365 (S.D.N.Y. 2021) (internal quotation marks omitted) (quoting *United States v. Bin Laden*, 92 F. Supp. 2d 225, 233 (S.D.N.Y. 2000), *aff'd sub nom. In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93 (2d Cir. 2008)). A court may deny a bill of particulars "if the information sought by defendant is provided in the indictment or in some acceptable alternate form[.]" *United States v. Tuzman*, 301 F. Supp. 3d 430, 450 (S.D.N.Y. 2017) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (internal quotation marks omitted)).

A bill of particulars "cannot be used as a weapon to force the government into divulging its prosecution strategy[.]" *United States v. Maurya*, 25 F.4th 829, 838 (11th Cir. 2022). For this reason, "courts have refused to treat a bill of particulars as a general investigative tool for the defense, or as a device to compel disclosure of the Government's evidence or its legal theory prior to trial." *Feola*, 651 F. Supp. at 1132 (citations omitted).

Count Seven sets forth the time and place of the alleged criminal acts, identifies Defendant's co-defendant, and provides the file names of the videos at issue. As a result, Count Seven is not "so general" that it fails to advise Defendant "of the specific acts of

which [s]he is accused." *Id.* Because the government has also produced the videos in question, as well as communications between Defendant and Mr. Fiore that allegedly describe the role of each in the offense, the totality of the information available to Defendant does not warrant a bill of particulars. The court thus DENIES Defendant's alternative request.

### D. Whether to Dismiss Counts Five, Six, and Seven on the Basis that the Videos do not Constitute Child Pornography.

Defendant seeks dismissal of Counts Five, Six, and Seven pursuant to Fed. R. Crim. P. 12(b) and the First Amendment, arguing the videos in question do not depict a "sexual act" and thus do not constitute child pornography.

### 1. Whether the Videos Portray Sexually Explicit Content.

The federal child pornography laws criminalize the production of images of children engaged in "sexually explicit conduct[,]" 18 U.S.C. §§ 2251, 2252, defined as "actual or simulated":

(i)    sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(ii)    bestiality;

(iii)    masturbation;

(iv)    sadistic or masochistic abuse; or

(v)    lascivious exhibition of the anus, genitals, or pubic area of any person;

18 U.S.C. § 2256(2)(A).

Defendant argues that because "the adult and child remain fully clothed in the videos, there is no sexual touching, and the adult's punishment focuses on the child's face and head (rather than, for example, his genitals or buttocks)[,]" they cannot constitute child pornography. (Doc. 246 at 7.) She asserts that § 2256(2)(A)(iv) "requires the depiction of actual sexual activity[,]" and "[n]othing in the videos being prosecuted in this case would rise to the level of a sex act." (Doc. 246 at 8-9). Citing the plain meaning of "sadism," as well as the legislative history of § 2256(2)(A)(iv), the government

11

contends that Congress intended to "cast as wide a net as constitutionally permissible" to protect children from sexual exploitation. (Doc. 250 at 13.)

In *United States v. Tyree*, the Third Circuit upheld a conviction under 18 U.S.C. § 2251(a) based on a video of a child "standing in her underwear, hands bound, wearing a collar around her neck, and her buttocks red as if having just been beaten[]" "in a submissive pose" and noted that "the actual beating" need not be depicted because the video "convey[ed] that pain had been inflicted on the victim, and that the pain was inflicted for a sexual purpose." 123 F. App'x 508, 509 (3d Cir. 2005). The court concluded that the video depicted "sadistic acts" pursuant to § 2256. *Id.*

In interpreting the Federal Sentencing Guidelines, the Second Circuit has similarly defined "sadism" as "the infliction of pain upon a love object as a means of obtaining sexual release[,]" "delight in physical or mental cruelty," and "the use of 'excessive cruelty[.]'" *United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996); *see also United States v. Wolk*, 337 F.3d 997, 1008 (8th Cir. 2003) (same). It has also defined "sadism" as "the infliction of pain for sexual gratification[.]"*United States v. Bleau*, 930 F.3d 35, 40 (2d Cir. 2019).

The determination of whether an image is sadistic "is an objective one." *United States v. Freeman*, 578 F.3d 142, 146 (2d Cir. 2009) (interpreting the Sentencing Guidelines). "[T]he purpose of the act depicted or the reaction of the actor" is irrelevant. *Delmarle*, 99 F.3d at 83. In *United States v. Williams*, the United States Supreme Court considered a First Amendment challenge to 18 U.S.C. § 2252A(a)(3)(B) and found that "'sexually explicit conduct' connotes actual depiction of the sex act rather than merely the suggestion that it is occurring." 553 U.S. 285, 297 (2008). Defendant argues that the canon of statutory construction *noscitur a sociis* demonstrates that "there must be actual sexual activity[,]" (Doc. 246 at 9), and urges the court to look to 18 U.S.C. § 2246, which defines "sexual act," and to import that definition into § 2256. The government points out that the definition of "sexually explicit conduct" in § 2256 includes conduct which may not constitute a "sexual act" under § 2246, which it does not incorporate by reference.

12

"The plain meaning [of a statute] can be extrapolated by giving words their ordinary sense." *Nat. Res. Def. Council, Inc. v. Muszynski*, 268 F.3d 91, 98 (2d Cir. 2001). "When a term is not defined by statute, courts can consult dictionaries to determine its ordinary meaning." *United States v. Walsh*, 156 F. Supp. 3d 374, 382 (E.D.N.Y. 2016) (citing *Cont'l Terminals, Inc. v. Waterfront Comm'r of New York Harbor*, 782 F.3d 102, 109 (2d Cir. 2015)). Merriam-Webster Dictionary defines "sadism" as "the derivation of sexual gratification from the infliction of physical pain or humiliation on another person." *Sadism*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/sadism. The term itself does not require a "sexual act."

The videos at issue allegedly depict the physical abuse of two children, inflicted for the sexual gratification of Mr. Fiore, who allegedly requested Defendant to produce the videos in question for that purpose. The videos include Defendant's placement of her crotch on the faces of the minor victims, and her gyrating on their faces. The videos thus arguably depict "sadistic abuse" pursuant to § 2256(2)(A)(iv), and thus may qualify as "sexually explicit conduct." No court has found that Congress intended to incorporate Chapter 109A's definition of a sexual act into § 2256. *See, e.g.*, *United States v. Baker*, 723 F.3d 315, 322-34 (2d Cir. 2013) (declining to employ definitions from Chapter 109A in interpreting child exploitation statute from Chapter 110); *United States v. Sinerius*, 504 F.3d 737, 742-43 (9th Cir. 2007) (declining to define "sexual abuse" as used in § 2252A(b) by cross reference to the federal offense of "sexual abuse" under 18 U.S.C. § 2242 because "[t]he definitions applicable to chapter 110 are located in 18 U.S.C. § 2256[,]" not in "the elements of offenses delineated elsewhere in the U.S. Code."). The court thus declines to import the requirements of a "sexual act" into the definition of "sexually explicit conduct."[2]

---

[2] No court has apparently determined that a video depicting the physical abuse of a minor for sexual gratification is not "sadistic" as a matter of law. While there may be such cases, the instant one is not one of them. The issue is thus one for the jury as opposed to the court. *See Jones v. U.S.*, 526 U.S. 227, 232 (1999) (explaining that elements of an offense "must be charged in the indictment, submitted to a jury, and proven by the government beyond a reasonable doubt.").

If the jury finds that the videos constitute child pornography, there is no constitutional protection under the First Amendment. *See New York v. Ferber*, 458 U.S. 747, 764 (1982) (holding that child pornography is not entitled to First Amendment protection). Because "sexually explicit conduct" as alleged in Counts Five, Six, and Seven does not require a "sexual act," and Defendant does not contend the videos are protected as expressive speech, Defendant's motion to dismiss Counts Five, Six, and Seven is DENIED.

## 2. Whether 18 U.S.C. §§ 2251(a), 2252(a)(2), and 2256 are Void for Vagueness as Applied to Defendant.

Defendant asserts that 18 U.S.C. §§ 2251(a), 2252(a)(2), and 2256 are void for vagueness as applied pursuant to the Fifth Amendment because they "do not provide fair warning of what conduct is prohibited[.]" (Doc. 246 at 11.) The "void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (internal citations omitted).

> Second, as a sort of "junior version of the vagueness doctrine," . . . the canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered. . . . Third, although clarity at the requisite level may be supplied by judicial gloss on an otherwise uncertain statute, . . . due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope[.]

*United States v. Lanier*, 520 U.S. 259, 266 (1997) (internal citations omitted). "It is a fundamental tenet of due process that 'no one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes.'" *United States v. Batchelder*, 442 U.S. 114, 123 (1979) (quoting *Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939)).

In *Ferber*, the Supreme Court held that a New York statute that prohibited sado-masochistic abuse of a minor was crafted "with sufficient precision" and "sufficiently describe[d] a category of material the production and distribution of which is not entitled

14

to First Amendment protection[.]" 458 U.S. at 765. Similarly, in *United States v. Long*, a district court rejected a vagueness challenge to § 2256, stating:

> [W]e reject the lack of definition arguments. We find no infirmity in the inclusion of simulated as well as actual acts. Nor do we find any infirmity in the lack of definitions for "bestiality," "masturbation," "sadistic," "masochistic," or "abuse." The ordinary meaning of these words gives adequate notice of the conduct proscribed by the Act and do not unconstitutionally expand the scope of the Act. Therefore, we hold that none of the amendments to § 2256 are unconstitutionally vague or overbroad."

831 F. Supp. 582, 587 (W.D. Ky. 1993).

Defendant's vagueness challenges to §§ 2251(a) and 2252(a)(2) fail in tandem with her § 2256 challenge. The term "sadistic abuse" is not vague because a person of ordinary intelligence would understand that the physical abuse and humiliation of a child for sexual gratification is proscribed. *Cf. Hill v. Colorado*, 530 U.S. 703, 732 (2000) (explaining that a statute can be impermissibly vague "if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits."). The statutes thus provide sufficient notice of the conduct which violates the law. The court therefore DENIES Defendant's motion to dismiss Counts Five, Six, and Seven because §§ 2251(a), 2252(a)(2), and 2256 are not void for vagueness.

## CONCLUSION

For the foregoing reasons, the court DENIES Defendant's motion to dismiss Count Seven and for a bill of particulars (Doc. 245) and Defendant's motion to dismiss Counts Five, Six, and Seven (Doc. 246).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this _18th_ day of April, 2023.

Christina Reiss, District Judge
United States District Court